Guerrero v New York City Tr. Auth. (2019 NY Slip Op 07938)





Guerrero v New York City Tr. Auth.


2019 NY Slip Op 07938


Decided on November 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2018-02765
 (Index No. 506695/16)

[*1]Leticia Guerrero, et al., plaintiffs-respondents,
v
New York City Transit Authority, et al., appellants, Yakov Shlafstheyn, defendant-respondent.


Zaklukiewicz, Puzo & Morrissey, LLP, Islip Terrace, NY (Craig M. Dolinger of counsel), for appellants.
Rubenstein & Rynecki, Brooklyn, NY (Harris L. Marks of counsel), for plaintiffs-respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants New York City Transit Authority, Manhattan and Bronx Surface Operating Authority, Metropolitan Transportation Authority, MTA Bus Company, MV Transportation, Inc., and Joshua Chaterpaul appeal from an order of the Supreme Court, Kings County (Carl J. Landicino, J.), dated January 24, 2018. The order denied those defendants' motion for summary judgment dismissing the complaint insofar as asserted against them, with leave to renew upon the completion of discovery.
ORDERED that the order is affirmed, with costs.
On June 30, 2015, the plaintiffs were passengers in an Access-A-Ride bus operated by the defendant Joshua Chaterpaul and owned by the defendant New York City Transit Authority. The plaintiffs allegedly sustained personal injuries when the bus, which was traveling at 25 miles per hour on the Belt Parkway, was struck in the rear by a vehicle operated by the defendant Yakov Shlafstheyn. In April 2016, the plaintiffs commenced this action against New York City Transit Authority, Manhattan and Bronx Surface Operating Authority, Metropolitan Transportation Authority, MTA Bus Company, MV Transportation, Inc., and Chaterpaul (hereinafter collectively the NYCTA defendants) to recover damages for, inter alia, their personal injuries. The NYCTA defendants interposed an answer. Thereafter, the plaintiffs and Chaterpaul were deposed.
In October 2017, the NYCTA defendants moved for summary judgment dismissing the complaint insofar as asserted against them. While the motion was pending, the Supreme Court issued an order on November 15, 2017, granting the plaintiffs' motion for, among other things, leave to amend the complaint to add Shlafstheyn as a defendant. In December 2017, Shlafstheyn answered the complaint. In opposition to the NYCTA defendants' motion for summary judgment, the plaintiffs argued that the motion was premature since they had not had an opportunity to depose Shlafstheyn or to obtain disclosure from him. Shlafstheyn, who had only just appeared in the action, opposed the motion, and also argued that it should be denied as premature. The court denied the NYCTA defendants' motion with leave to renew upon the completion of discovery, and the NYCTA [*2]defendants appeal.
Under the circumstances, we agree with the determination of the Supreme Court denying the NYCTA defendants' motion for summary judgment with leave to renew upon the completion of discovery (see CPLR 3212[f]).
RIVERA, J.P., LASALLE, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court